**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK TUFANO,** | : | **No. 1:25-CV-316** |
| **Plaintiff** | : | **(Saporito, J.)** |
| **v.** | : | **(Caraballo, M.J.)** |
| **SHOPIFY (USA) INC., et al.,** | : | |
| **Defendants** | : | |

# REPORT AND RECOMMENDATION

## I. Background

On February 21, 2025, plaintiff Frank Tufano, proceeding pro se, initiated this action by filing a complaint alleging fraud against several corporate defendants. Doc. 1. That same day, he filed a motion to proceed in forma pauperis. Doc. 2. The Court granted Tufano's motion to proceed in forma pauperis on April 7, 2025, but held service of the complaint in abeyance until it conducted its obligatory screening of the complaint under 28 U.S.C. § 1915(e)(2)(B). Doc. 5. The Court screened Tufano's complaint January 26, 2026, and highlighted several of its potential flaws. Doc. 7.

Tufano filed an amended complaint, with the Court's permission, on February 13, 2026. Doc. 8. The precise nature of Tufano's

allegations are difficult to discern. He appears to take umbrage with an attorney from the law firm Lewis & Lin LLC obtaining an unspecified court order from an unspecified court, to seek information about Tufano's online business from Shopify. *See generally id.* Advancing a fraud claim, Tufano avers that the information provided by Shopify about his business's financial status ultimately "resulted in a court judgment for an unreasonable amount of money." *Id.* at 3.

Although Tufano petitioned for and was provided leave to proceed in forma pauperis in this action because he allegedly could not pay the filing fee, Tufano thereafter filed other actions in this Court in which he paid the filing fee, including several in which the Court revoked his in forma pauperis status. *See Tufano v. Shopify (USA) Inc.*, No. 3:26-CV-1019 (M.D. Pa.); *Tufano v. Saladino, MD*, 3:26-CV-396 (M.D. Pa.); *Tufano v. Burgess*, No. 3:26-CV-397 (M.D. Pa.); *Tufano v. California*, No. 3:26-CV-447 (M.D. Pa.); *Tufano v. Reddit, Inc.*, No. 3:25-CV-1495 (M.D. Pa.); *Tufano v. Fenix Internet LLC*, No. 3:25-CV-976 (M.D. Pa.).[1]

[1] Moreover, as previously described by the Honorable Martin C. Carlson, Tufano "is a prodigious, but prodigiously unsuccessful, pro se litigant[]" in this district. *Tufano v. Google LLC*, No. 2025-1574 (M.D. Pa. 2025) (Doc. 21 at 1) (italics removed). Excluding this current litigation, Tufano has initiated at least 21 separate actions in the Middle District of Pennsylvania in the last three years. *See Tufano v. Levy*, No. 2023-2106 (M.D. Pa. 2023); *Tufano v. Frankies Free Range Meat Conspirators*,

In his amended complaint, Tufano repeatedly referenced owning an online business, *see generally* Doc. 8, but no reference to that business or any associated income appeared on his application to proceed in forma pauperis. *See* Doc. 2. Indeed, in several of his various litigations, Tufano has described himself as an owner of "several other online businesses (A supplement store, a natural cosmetic products store, and a clothing store)." *Tufano*, No. 3:26-CV-1019, Doc. 1 at 2.

Accordingly, on March 10, 2026, the Court ordered Tufano to show cause why his in forma pauperis status should not be revoked, or to pay the filing fee. Doc. 9. When Tufano failed to respond to that Order, the

---

No. 2024-846 (M.D. Pa. 2024); *Tufano v. Reddit, Inc.*, No. 2024-1114 (M.D. Pa. 2024); *Tufano v. Fenix Internet, LLC*, No. 2024-1115 (M.D. Pa. 2024); *Tufano v. TikTok Inc.*, No. 2024-1116 (M.D. Pa. 2024); *Tufano v. Miller*, No. 2024-1118 (M.D. Pa. 2024); *Tufano v. Filatova*, No. 2024-1252 (M.D. Pa. 2024); *Tufano v. Taban*, No. 2025-11 (M.D. Pa. 2025); *Tufano v. USDA*, No. 2025-260 (M.D. Pa. 2025); *Tufano v. Saladino*, No. 2025-262 (M.D. Pa. 2025); *Tufano v. SHOPIFY (USA) Inc. Corporation Service Company*, No. 2025-975 (M.D. Pa. 2025); *Tufano v. Fenix Internet LLC*, No. 2025-976 (M.D. Pa. 2025); *Tufano v. Fenix Internet LLC*, No. 2025-1165 (M.D. Pa. 2025); *Tufano v. TikTok*, No. 2025-1175 (M.D. Pa. 2025); *Tufano v. SHOPIFY (USA) Inc. Corporation Service Company*, No. 2025-1227 (M.D. Pa. 2025); *Tufano v. Saladino, MD*, No. 2025-1400 (M.D. Pa. 2025); *Tufano v. Reddit, Inc.*, No. 2025-1495 (M.D. Pa. 2025); *Tufano v. All-Ways Forwarding*, No. 2025-1558 (M.D. Pa. 2025); *Tufano v. Google LLC*, No. 2025-1574 (M.D. Pa. 2025); *Tufano v. USDA*, No. 2025-1990 (M.D. Pa. 2025); *Tufano v. Saladino, MD*, No. 2025-1960 (M.D. Pa. 2025). Many of these suits, moreover, have been dismissed as flawed. *See, e.g., Tufano v. Levy*, No. 2023-2106; *Tufano v. Frankies Free Range Meat Conspirators*, No. 2024-846; *Tufano v. Reddit, Inc.*, No. 2024-1114; *Tufano v. Fenix Internet, LLC*, No. 2024-1115; *Tufano v. TikTok Inc.*, No. 2024-1116; *Tufano v. Miller*, No. 2024-1118; *Tufano v. Filatova*, No. 2024-1252; *Tufano v. Taban*, No. 2025-11; *Tufano v. USDA*, No. 2025-260; *Tufano v. Saladino*, No. 2025-262.

Court revoked his in forma pauperis status on May 22, 2026, and ordered him to pay the full filing fee by June 4, 2026, or risk dismissal of this action. Doc. 10. Tufano has not paid the filing fee since, or otherwise responded.

## II. <u>Discussion</u>

The undersigned recommends that this action be dismissed and closed for the plaintiff's failure to prosecute, as he did not pay the requisite filing fee, submit an amended application for leave to proceed in forma pauperis, or otherwise indicate his intent to continue litigation. Tufano's failure to comply with the undersigned's Orders "makes adjudication of the case impossible." *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (per curiam) (first citing *Guyer v. Beard*, 907 F.2d 1424, 1429–30 (3d Cir. 1990); and then citing *Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994)).

The Court may dismiss an action "if the plaintiff fails to prosecute a case or to comply with court rules or . . . orders," as here. *Silbermonn v. Veterans Admin. Med. Ctr.*, 2021 WL 1705228, at *1–2 (M.D. Pa. 2021); Fed. R. Civ. P. 41(b). This "dismissal is a drastic sanction[,] . . . reserved for those cases where there is a clear record of delay or

contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). Such procedural histories constitute "substantial circumstances in support of" dismissals, *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019), contrary to the default preference for "reaching . . . decision[s] on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (per curiam) (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)).

The Court of Appeals summarized the six factors that Third Circuit courts must consider in deciding whether dismissal is warranted under Rule 41(b) in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The six factors are:

> (1) the extent of the party's *personal responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of *dilatoriness*; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868 (emphases added and omitted). "[N]o single . . . factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Further, "[n]ot all of these factors need be met" for a valid Rule

41(b) dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the [trial] court[.]" *Silbermonn*, 2021 WL 1705228, at *1 (citing *Emerson*, 296 F.3d at 190).

Moreover, "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007) (per curiam) (first citing *Guyer*, 907 F.2d at 1429–30; and then citing *Spain*, 26 F.3d at 454–55) (affirming dismissal of pro se complaint without *Poulis* analysis when plaintiff failed to comply with order directing amended complaint). This principle extends to litigants who refuse to pay the filing fee or seek leave to proceed in forma pauperis. *See, e.g.*, *Pieczynski v. Pennsylvania*, 2021 WL 1537789, at *3 (M.D. Pa. 2021), *report and recommendation adopted*, 2021 WL 1534978 (M.D. Pa. 2021); *Y'Hudi-Bey v. City of New Castle*, 2020 WL 6899804 at *2 (W.D. Pa. 2020). As Tufano failed to comply with multiple directives to pay the filing fee or seek renewed leave to proceed in forma pauperis, dismissal is warranted even without undertaking a *Poulis* analysis.

The same conclusion is reached, however, even when undertaking that analysis, as Tufano's conduct satisfies all of the *Poulis* factors. Regarding the first factor (personal responsibility), "[a] *pro se* litigant is personally responsible for failure to comply with the court's rules and orders[.]" *Silbermonn*, 2021 WL 1705228, at *2. Since Tufano is proceeding pro se, he "bears all of the responsibility for any failure in the prosecution of his claims." *See Tindell v. Dep't of Corr.*, 2012 WL 3522530, at *1 (W.D. Pa. 2012). And, here, Tufano "failed to comply with an explicit order" to pay the filing fee or seek leave to proceed in forma pauperis, *Azubuko*, 243 F. App'x at 729, despite being warned that the failure to comply may result in dismissal of this action. Docs. 4; 8. The first inquiry thus advises dismissal.

The second consideration (prejudice to adversary) does not require "irremediable harm." *Adams*, 29 F.3d at 873–74. Rather, this factor applies if "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222. Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the

opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). And such scenarios become relevant if, as here, the Court must be mindful of the possibility that, "[g]oing forward, such failure to litigate would prejudice the defendant, who without timely responses by [the Plaintiff,] could not seek a timely resolution of the case." *See Silbermonn*, 2021 WL 1705228, at *2. The second query, too, favors dismissal.

The third factor (dilatoriness) requires the Court to examine this case's history. "[C]onsistent tardiness in complying with court orders" weighs in favor of dismissal, *Adams*, 29 F.3d at 874 (first citing *Poulis*, 747 F.2d at 868; and then citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990)), especially in light of the premise that "a party's problematic acts must be evaluated in light of its behavior over the life of the case." *Id.* at 875. Tufano failed to comply with the undersigned's Orders, "[and] the time to do so has [long] passed." *See Silbermonn*, 2021 WL 1705228, at *2. Thus, as nearly two and one-half years have elapsed since Tufano filed his complaint, and over two months since his in forma pauperis status was revoked, the third inquiry weighs in favor of dismissal as well. *See, e.g.*, *Sorto v. United*

*States*, 2022 WL 18657377, at *3 (M.D. Pa. 2022); *see also Smith v. Black*, 2005 WL 2431097, at *2 (M.D. Pa. 2005) ("dilatoriness . . . outweighs any of the other considerations[.]").

Under the fourth consideration (willfulness or bad faith), "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. While Tufano's dilatoriness does not evince ill intent or self-serving behavior, his prolonged inaction "leads to an inference that he willfully abandoned this case." *See Silbermonn*, 2021 WL 1705228, at *2. And following multiple Orders directing his compliance, Tufano's "conduct of consistently disregarding and challenging the court's directives to pay the appropriate filing fee amount to willfulness." *Pieczynski*, 2021 WL 1537789, at *4 (citing *Arsad v. Gerula*, 366 F. App'x 323, 324 (3d Cir. 2010) (per curiam)). The fourth query thus weighs in favor of dismissal.

The fifth factor (alternative sanctions) is guided by, among other things, the principle that "[a]lternative sanctions, such as monetary penalties, are inappropriate with indigent parties." *Tindell*, 2012 WL 3522530, at *1. So too here, where Tufano is "proceeding pro se, and given his refusal or inability to pay the filing fee, there is no evidence to

suggest that paying monetary sanctions will remedy his deficiencies. Therefore, monetary sanctions would not be effective in this case." *See Silbermonn*, 2021 WL 1705228, at *2. The fifth inquiry thus favors dismissal.

Finally, the sixth consideration concerns the meritoriousness of Tufano's claims. "[A] claim will be deemed meritorious when the [complaint's] allegations . . . , if established at trial, would support recovery." *Id.* at *3 (citing *Poulis*, 747 F.2d at 870). As a general matter, this consideration is inapplicable, as "[t]he merits of the complaint may not be a factor in assessing IFP status." *Johnson v. Nutter*, 2016 WL 7217642, at *3 (E.D. Pa. 2016). Rather, the "court must first [evaluate] a litigant's financial status and whether (s)he is eligible to proceed in forma pauperis under § 1915(a) before assessing the merits of the complaint." *Id.* (citations and quotation omitted). That said, the undersigned notes that, as stated in the Order of January 26, 2026, Tufano's complaint suffers from multiple pleading deficiencies, which have not been cured by his amended complaint.

The *Poulis* analysis thus favors dismissal. Moreover, the failure to pay a filing fee after being specifically advised of that requirement,

warrants dismissal. *See, e.g.*, *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011) (per curiam) (affirming "the order of the District Court dismissing the complaint without prejudice for failure to either pay the filing fee or submit a complete motion to proceed in forma pauperis." (emphasis omitted)). Accordingly, the undersigned recommends that the complaint be dismissed, and this action be closed.

## III. Recommendation

For the reasons set forth above, it is **RECOMMENDED** that:

1. The amended complaint (Doc. 8) be **DISMISSED WITHOUT PREJUDICE**; and
2. The Clerk's Office be **DIRECTED** to **TERMINATE** all of the defendants, and **CLOSE** this case.

The plaintiff is placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those

> portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3. Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Date: July 24, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge